NOSSAMAN LLP
SCOTT N. YAMAGUCHI (SBN 157472)
syamaguchi@nossaman.com
AMBER M. GRAYHORSE (SBN 229059)
agrayhorse@nossaman.com
SARAH ANDROPOULOS (SBN 273501)
777 S. Figueroa Street, 34th Floor
Los Angeles, California 90017
Telephone: (213) 612-7800
Facsimile: (213) 612-7801
Attorneys for Subpoenaed Third-Party
Federal Deposit Insurance Corporation,
as Receiver for IndyMac Federal Bank, FSB

FILED
12 JAN -4 PM 3:20
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MBIA INSURANCE CORPORATION, a New York corporation,

Plaintiff,

vs.

INDYMAC ABS, INC., a Delaware Corporation; HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES 2006-H4, a Delaware statutory trust; HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES INDS 2007-1, a New York common law trust; HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES INDS 2007-2, a New York common law trust; CREDIT SUISSE SECURITIES (USA), L.L.C., a Delaware limited liability corporation; UBS SECURITIES, LLC, a Delaware corporation; JPMORGAN CHASE & CO., a Delaware corporation; MICHAEL PERRY, an individual; A. SCOTT KEYS, an individual; KEVIN CALLAN, an individual; and JOHN and JANE DOES 1-100,

Defendants.

FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB,

Subpoenaed Third-Party.

Case No: CV12- 00083 AF (JCx)

Cal. Superior Ct. Case No.: BC422358

**NOTICE OF REMOVAL OF STATE SUBPOENA PROCEEDING BY SUBPOENAED THIRD PARTY FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB**

416327_1.DOC

NOTICE OF REMOVAL

The Federal Deposit Insurance Corporation ("FDIC"), as Receiver for IndyMac Federal Bank, FSB (hereinafter, the "Receiver"), hereby removes proceedings to enforce a state court subpoena against the Receiver (the "Proceeding") in the matter of *MBIA Insurance Corporation v. IndyMac ABS, Inc., et. al.*, Case No. BC 422358 (the "Action"), from the Superior Court for the State of California, County of Los Angeles (the "State Court"), in which the Proceeding is currently pending, to the United States District Court for the Central District of California (the "Federal Court"). As grounds for the removal of this case, the FDIC states as follows:

## BACKGROUND

1. On July 11, 2008, the Office of Thrift Supervision ("OTS") closed IndyMac Bank, F.S.B. ("IndyMac") and appointed the FDIC as its receiver. (74 Fed. Reg. 59,540 (Nov. 18, 2009).) Upon appointment of the FDIC as receiver for IndyMac, the OTS (i) chartered IndyMac Federal Bank, FSB ("IndyMac Federal"), (ii) placed IndyMac Federal in conservatorship, and (iii) appointed the FDIC as conservator for IndyMac Federal whereupon substantially all of IndyMac's assets were transferred to IndyMac Federal.

2. On March 19, 2009, the FDIC was appointed as Receiver for IndyMac Federal.

3. On September 22, 2009, plaintiff MBIA Insurance Corporation ("MBIA") filed a complaint against IndyMac ABS, Inc. ("IndyMac ABS"), several underwriter entities (the "Underwriter Defendants"), and former IndyMac officers (the "Individual Defendants"). IndyMac ABS was a wholly-owned subsidiary of IndyMac.

4. On October 20, 2009, IndyMac ABS was dismissed from the Action pursuant to MBIA's voluntary request.

5. The Receiver has never been a party to the Action, nor has the FDIC ever been the receiver of IndyMac ABS.

6. On June 28, 2011, MBIA served the Receiver with a third-party subpoena

for the production of electronically stored information ("ESI") of 65 former employees of IndyMac and/or IndyMac Federal (collectively, "IndyMac") responsive to 26 broad categories of search terms ("ESI Subpoena"), among other subpoenas to the Receiver in the case.

7. On July 27, 2011, the Receiver served MBIA with objections and responses to the ESI Subpoena.

8. On July 29, 2011, MBIA filed a motion to compel against the Receiver.

9. On September 28, 2011, the State Court held a hearing on MBIA's motion to compel, wherein it, *inter alia*, (1) granted the motion with conditions, (2) indicated it would later issue a supplemental protective order with a non-waiver provision, even over the objection of any party, and (3) ordered the parties to confer further and develop a protocol and methodology to produce documents while maintaining the Receiver's various privileges. The State Court issued a minute order that day to this effect ("September Order").

10. On November 29, 2011, the parties submitted a Joint Statement regarding the issues the State Court left outstanding in its September Order. With the Joint Statement, MBIA and the Receiver submitted a Joint Stipulation and Proposed Supplemental Protective Order for Electronically Stored Information Produced by the FDIC, under which the Receiver would not "waive, or be deemed to have waived the ability to assert any applicable privilege or protection over inadvertently produced Privileged Material." For the first time, the Underwriter Defendants advised the State Court that it insisted on reserving its right to dispute that any production from the Receiver of privileged documents was not "inadvertent."

11. In a status conference on December 5, 2011, the State Court acknowledged its inability to issue a protective order with the strength of Federal Rule of Evidence 502 and expressed concern that, despite any protective order it could issue, other courts could still find a waiver of privileges by the Receiver's inadvertent production of privileged documents in response to the ESI Subpoena.

12. On December 13, 2011, the State Court issued a Supplemental Protective Order for Electronically Stored Information Produced by the FDIC, which, despite the Receiver's objection, reserves the parties' right to contest the inadvertence of any production of privileged documents from the Receiver (the "Supplemental Protective Order").

## BASIS FOR REMOVAL

13. A State Court proceeding to enforce a subpoena to a federal officer or agency is a distinct and independently removable action from the underlying State Court Action, such that the subpoena proceedings are removable while the underlying civil action may otherwise remain in state court. *See DeMore v. Superior Court*, 1999 U.S. Dist. LEXIS 18997, *4-5 (N.D. Cal. 1999) (proceedings to enforce state court subpoenas against federal officials, "while ancillary to the underlying action are distinct and independently removable"); *Massock v. Superior Court*, 2000 U.S. Dist. LEXIS 53, *4 (N.D. Cal. 2000) (same); *see also Pollock*, 478 F. Supp. 2d at 413; *Boron Oil Co. v. Downie*, 873 F.2d 67, 70-71 (4th Cir. 1989); *Williams*, 62 F.3d at 408, 413.

14. The Proceeding is removable pursuant to 28 U.S.C. § 1442(a)(1) ("Section 1442(a)"), which provides in relevant part:

> A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

15. The FDIC, in any capacity, is an agency of the United States, "without

regard to whether the Corporation commenced the action." 12 U.S.C. § 1819(b)(1).

16. A "civil action," within the meaning of Section 1442(a), includes state subpoena proceedings, such as the Proceeding here. *See, e.g., Elko County Grand Jury v. Siminoe (In re Elko County)*, 109 F.3d 554, 555 (9th Cir. 1997) (affirming district court's refusal to remand an action removed to federal court pursuant to Section 1442(a) in response to a state court subpoena issued to the Department of Justice); *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) (holding that an order of a state court seeking to compel a federal official to comply with a state court subpoena is "an action against the United States" that can be removed pursuant to Section 1442(a)); *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 413-14 (D.C. Cir. 1995) (same); *Pollock v. The Barbosa Grp., Inc.*, 478 F. Supp. 2d 410, 412 (W.D.N.Y. 2007) ("Section 1442(a)(1) confers removal jurisdiction over a proceeding to enforce a subpoena issued by a state court where removal is 'predicated on the allegation of a colorable defense.'").

17. Further, the FDIC has a statutory right to remove cases in which it is a party from state court to federal court pursuant to the Financial Institution Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, § 209, 103 Stat. 183 *et seq.*, codified in various sections of Title 12 of the United States Code. Specifically, title 12 of the United States Code, section 1819(b)(2)(B) provides in pertinent part:

> (B) Removal
>
> . . . the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date of the action, suit, or <u>proceeding</u> is filed against the Corporation or the Corporation is substituted as a party. (Emphasis added.)

18. Not only is the Receiver a subpoena party to the Proceeding, but it also has a colorable defense under Federal Rule of Evidence 502 to preserve its privileges (including the attorney-client privilege). Rule 502 provides in pertinent part:

    a.   **Disclosure Made in a Federal Proceeding . . .; Scope of Waiver** – When the disclosure is made in a Federal proceeding . . . and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if:
1. the waiver is intentional;
2. the disclosed and undisclosed communications or information concern the same subject matter; and
3. they ought in fairness be considered together.

    b.   **Inadvertent Disclosure** – When made in a Federal proceeding . . . ., the disclosure does not operate as a waiver in a Federal or State proceeding if:
1. the disclosure is inadvertent;
2. the holder of the privilege or protection took reasonable steps to prevent disclosure; and
3. the holder promptly took reasonable steps to rectify the error . . . .

    c.   **Controlling Effect of a Court Order** – A Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other Federal or State proceeding.

19. The Receiver was not on notice that the Court would subject it to a potential waiver of its privileges until the Court first expressed its concerns of its inability to issue an order with the protection of a Rule 502 order at the hearing on December 5, 2011 and then issued the Supplemental Protective Order on December 13, 2011. The instant Notice of Removal is timely, as this removal is brought within 30 days from the date the State Court issued the Supplemental Protective Order, "from which it [was] first [] ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); see also *In re Elko County*, 109 F.3d at 555; *FBI v. Superior Court*, 307 F. Supp. 2d 1082, 1090 (N.D. Cal. 2007) (confirming removal of proceedings within 30 days of a state court's order compelling compliance with a state court subpoena was proper pursuant to Section 1442(a)). Also, the Notice of Removal is being filed within

90 days of a discovery "proceeding" in the form of, and under the terms of, the Supplemental Protective Order. 12 U.S.C. § 1819(b)(2)(B).

20.  The Proceeding is also removable pursuant to 28 U.S.C. § 1441(a) and (b) ("Section 1441"). There is original federal jurisdiction under 28 U.S.C. § 1331, because ". . . all suits of a civil nature at common law or in equity to which the Corporation, *in any capacity*, is a party shall be deemed to arise under the laws of the United States." *Buczkowski v. FDIC*, 415 F.3d 594, 595 (7th Cir. 2005) (emphasis added); 12 U.S.C. § 1819(b)(2)(A). Although the Receiver is not a "party" to the Action in the capacity of a plaintiff or defendant, it is a party in the "capacity" of a third-party witness against which the Proceeding has been brought.

21.  Venue properly lies with this Court pursuant to 28 U.S.C. §§ 1442(a) and 1446(a), as the Action is presently pending in the State Court, which is located in the Central District.

22.  In accordance with 28 U.S.C. § 1446(a), true and correct copies of "all process, pleadings, and orders" served upon and/or by the Receiver that are relevant to in the Proceeding[1], as shown in the table below, are concurrently filed under separate cover as **Exhibit A** to this Notice of Removal and incorporated herein by reference:

| Doc. No. | Document Description | Responsible Party | Date Filed / Served |
|---|---|---|---|
| 1. | Notice of Issuance of Subpoena to FDIC as Receiver for IndyMac Federal Bank, F.S.B. | MBIA | S: June 28, 2011 |
| 2. | Response and Objections of The Federal Deposit Insurance Corporation, as Receiver for IndyMac Federal Bank, FSB, to Plaintiff's Deposition Subpoena for Production of Documents | FDIC | S: July 27, 2011 |
| 3. | Plaintiff MBIA Insurance Corporation's Notice of Motion and | MBIA | S: 7/29/11 |

---

[1]  MBIA has served two additional subpoenas and related documents on the Receiver in the State Action. The only subpoena at issue in this Proceeding is the ESI subpoena.

| Doc. No. | Document Description | Responsible Party | Date Filed / Served |
|---|---|---|---|
|  | Motion to Compel Production of Documents for Inspection and Copying from The Federal Insurance Deposit Corporation in Response to MBIA's Subpoenas |  |  |
| 4. | Separate Statement in Support of Plaintiff MBIA Insurance Corporation's Notice of Motion and Motion to Compel Production of Documents for Inspection and Copying from The Federal Deposit Insurance Corporation in Response to MBIA's Subpoena | MBIA | S: 7/29/11 |
| 5. | Declaration of Lauren Hudecki In Support of MBIA Insurance Corporation's Notice of Motion and Motion to Compel Production of Documents for Inspection and Copying from The FDIC in Response to MBIA's Subpoena | MBIA | S: 7/27/11 |
| 6. | Opposition of Subpoenaed Third party Federal Deposit Insurance Corporation, as Receiver for IndyMac Federal Bank, FSB, to Plaintiff MBIA Insurance Corporation's Motion to Compel | FDIC | F: 8/30/11 |
| 7. | Declaration of Amber M. Grayhorse in Support of Subpoenaed Third party Federal Deposit Insurance Corporation, as Receiver for IndyMac Federal Bank, FSB, to Plaintiff MBIA Insurance corporation's Motion to Compel | FDIC | F: 8/30/11 |
| 8. | Request for Judicial Notice in Support of Subpoenaed Third party Federal Deposit Insurance Corporation, as Receiver fro IndyMac Federal Bank, FSB, to Plaintiff MBIA Insurance Corporation's Motion t Compel | FDIC | F: 8/30/11 |
| 9. | Non-California Authorities Cited in FDIC, as Receiver for IndyMac Federal Bank, F.S.B.'s Opposition to | FDIC | F: 8/30/11 |

| Doc. No. | Document Description | Responsible Party | Date Filed / Served |
|---|---|---|---|
| | Plaintiff's Motion to Compel | | |
| 10. | Plaintiff MBIA Insurance Corporation's Reply in Support of Its Motion to Compel Production of Documents for Inspection and Copying from the FDIC | MBIA | S: 9/16/11 |
| 11. | Declaration of Dr. Charles D. Cowan In Support of MBIA Insurance Corporation's Motion to Compel the FDIC to Produce Documents | MBIA | S: 9/16/11 |
| 12. | Supplemental Declaration of Lauren Hudecki in Support of MBIA Insurance Corporation's Motion to Compel Production of Documents for Inspection and Copying from the FDIC | MBIA | S: 9/16/11 |
| 13. | Status Conference Agenda – Department 322 | COURT | F: 9/27/11 |
| 14. | Reporter's Transcript from September 28, 2011 hearing | COURT | F: 9/28/11 |
| 15. | Court Minute Order | COURT | F: 9/28/11 |
| 16. | Joint Statement Regarding Productions of ESI and Loan Files by Non-Parties OneWest Bank, and the Federal Deposit Insurance Corporation | MBIA | F: 10/19/11 |
| 17. | Further Joint Statement Regarding Status of Loan File Productions and Electronically Stored Information by Non-Parties OneWest Bank, FSB, and The Federal Deposit Insurance Corporation | MBIA | F: 10/28/11 |
| 18. | Court Minute Order | COURT | F: 11/2/11 |
| 19. | Court Minute Order | COURT | F: 11/4/11 |
| 20. | Joint Discovery Conference Status | | F: 11/29/11 |

| Doc. No. | Document Description | Responsible Party | Date Filed / Served |
|---|---|---|---|
| 21. | Status Conference Agenda – Department 322 | COURT | F: 12/4/11 |
| 22. | Court Minute Order | COURT | F: 12/5/11 |
| 23. | Reporter's Transcript from December 5, 2011 hearing | COURT | F: 12/5/11 |
| 24. | [Proposed] Supplemental Protective Order for Electronically Stored Information Produced by the Federal Deposit Insurance Corporation | MBIA | F: 12/9/11 |
| 25. | Supplemental Protective order for Electronically Stored Information Produced by The FDIC | MBIA | F: 12/13/11 |

23.   Pursuant to 28 U.S.C. § 1446(d), the Receiver is serving MBIA with, and filing the same in the State Court, a copy of a Notice to Plaintiffs of Removal of Action to Federal Court, a true and correct copy of which (without exhibits) is attached hereto as **Exhibit B** and incorporated herein by this reference.

24.   Pursuant to 28 U.S.C. § 1446(d), the FDIC is filing in the State Court, and serving the same upon Plaintiff, a Notice to Superior Court of Filing of Removal of Action to Federal Court, a true and correct copy of which (without exhibits) is attached hereto as **Exhibit C** and incorporated herein by this reference.

Dated: January 4, 2012

SCOTT N. YAMAGUCHI
AMBER M. GRAYHORSE
SARAH J. ANDROPOULOS
NOSSAMAN LLP

By: _____
Scott N. Yamaguchi
Attorneys for Federal Deposit Insurance Corporation as Receiver for IndyMac Federal Bank, FSB, Subpoenaed Third-Party

# EXHIBIT "B"

NOSSAMAN LLP
SCOTT N. YAMAGUCHI (SBN 157472)
syamaguchi@nossaman.com
AMBER M. GRAYHORSE (SBN 229059)
agrayhorse@nossaman.com
777 S. Figueroa Street, 34th Floor
Los Angeles, California 90017
Telephone: (213) 612-7800
Facsimile: (213) 612-7801

Attorneys for Subpoenaed Third-Party
Federal Deposit Insurance Corporation,
as Receiver for IndyMac Federal Bank, FSB

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MBIA INSURANCE CORPORATION, a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INDYMAC ABS, INC., et al.,<br><br>Defendants. | Case No: BC422358<br><br>Assigned to Hon. Carl J. West, Dept. 322<br><br>**NOTICE TO PLAINTIFF OF REMOVAL OF STATE PROCEEDINGS TO FEDERAL COURT**<br><br>Action Filed: September 22, 2009<br>Trial Date: None Set |

416326_1.DOC

TO PLAINTIFF MBIA INSURANCE CORPORATION, AND ITS ATTORNEYS OF RECORD:

Subpoenaed Third-Party Federal Deposit Insurance Corporation, as Receiver for IndyMac Federal Bank, FSB (the "FDIC"), by and through its attorneys of record, Scott N. Yamaguchi and Amber M. Grayhorse of Nossaman LLP, hereby give notice that on January 4, 2012, the FDIC filed a Notice to Federal Court of Removal of State Proceedings from State Court ("Removal Notice") in United States District Court for the Central District of California (the "Federal Court"). A true and correct copy of the Removal Notice (without exhibits) is attached hereto as **Exhibit 1**.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. §§ 1442(a) and 1446(d) and all other applicable bases for removal, the filing of the Removal Notice in the Federal Court, together with the filing of this Notice and the Notice to Superior Court of Removal of State Proceedings to Federal Court filed and served concurrently herewith (a true and correct copy of which (without exhibits) is attached hereto as **Exhibit 2**), effects the removal of the proceedings to enforce a state court subpoena against the FDIC in the above-captioned lawsuit from the Superior Court for the State of California, County of Los Angeles to the Federal Court.

Dated: January 4, 2012

SCOTT N. YAMAGUCHI
AMBER M. GRAYHORSE
NOSSAMAN LLP

By: _____
     SCOTT N. YAMAGUCHI

Attorneys for Federal Deposit Insurance Corporation as Receiver for IndyMac Federal Bank, FSB, Subpoenaed Third-Party

# EXHIBIT "C"

1  NOSSAMAN LLP
   SCOTT N. YAMAGUCHI (SBN 157472)
2  syamaguchi@nossaman.com
   AMBER M. GRAYHORSE (SBN 229059)
3  agrayhorse@nossaman.com
4  777 S. Figueroa Street, 34th Floor
   Los Angeles, California 90017
5  Telephone: (213) 612-7800
6  Facsimile: (213) 612-7801

7  Attorneys for Subpoenaed Third-Party
   Federal Deposit Insurance Corporation,
8  as Receiver for IndyMac Federal Bank, FSB

9

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                   FOR THE COUNTY OF LOS ANGELES

13

| | |
|---|---|
| MBIA INSURANCE CORPORATION, a New York corporation, | Case No: BC422358 |
| | Assigned to Hon. Carl J. West, Dept. 322 |
| Plaintiff, | |
| vs. | **NOTICE TO THE SUPERIOR COURT OF REMOVAL OF STATE PROCEEDINGS TO FEDERAL COURT** |
| INDYMAC ABS, INC., et al., | |
| Defendants. | |
| | Action Filed: September 22, 2009<br>Trial Date: None Set |

416324_1.DOC

TO CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES:

Subpoenaed third party, Federal Deposit Insurance Corporation as Receiver for IndyMac Federal Bank, FSB (the "FDIC"), by and through its attorneys of record, Scott N. Yamaguchi and Amber M. Grayhorse of Nossaman LLP, hereby give notice that on January 4, 2012, the FDIC filed a Notice to Federal Court of Removal of State Proceedings from State Court ("Removal Notice") in United States District Court for the Central District of California (the "Federal Court"). A true and correct copy of the Removal Notice (without exhibits) is attached hereto as **Exhibit 1**.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. §§ 1442(a) and 1446(d) and all other applicable bases for removal, the filing of the Removal Notice in the Federal Court, together with the filing of this Notice and the Notice to Plaintiff of Removal of State Proceedings to Federal Court filed and served concurrently herewith (a true and correct copy of which (without exhibits) is attached hereto as **Exhibit 2**), effects the removal of the proceedings to enforce a state court subpoena against the FDIC in the above-captioned lawsuit from the Superior Court for the State of California, County of Los Angeles (the "Proceedings") to the Federal Court. Accordingly, this Court shall proceed no further with the Proceedings unless and until a remand order issued by the Federal Court.

Dated: January 4, 2012

SCOTT N. YAMAGUCHI
AMBER M. GRAYHORSE
NOSSAMAN LLP

By: _____
SCOTT N. YAMAGUCHI

Attorneys for Federal Deposit Insurance Corporation as Receiver for IndyMac Federal Bank, FSB, Subpoenaed Third-Party

**PROOF OF SERVICE**

The undersigned declares:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is Nossaman LLP 777 S. Figueroa Street, 34TH Floor, Los Angeles, California 90071.

On January 4, 2012, I served the foregoing document(s) described as **NOTICE OF REMOVAL OF STATE SUBPOENA PROCEEDING BY SUBPOENAED THIRD PARTY FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB** on interested parties in this action by placing ( ) the original (X) a true copy thereof enclosed in a sealed envelope as follows:

**SEE ATTACHED SERVICE LIST**

(X) **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid in a collection box where it would be placed in the United States Mail at Los Angeles, California that same day in my employer's ordinary course of business.

( ) **(By Overnight Service)** I served the originals a true and correct copy by overnight delivery service for delivery on the next business day. Each original copy was enclosed in an envelope or package designated by the overnight express service carrier; deposited in a facility regularly maintained by overnight express service carrier or delivered to a courier or driver authorized to receive documents on its behalf; with delivery fees paid or provided for; addressed as shown on the accompanying service list.

( ) **(By Electronic Service)** By emailing true and correct copies to the persons at the electronic notification address(es) shown on the accompanying service list. The document(s) was/were served electronically and the transmission was reported as complete and without error.

Executed on January 4, 2012.

☒ (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Judith Robbins*

416947_1.DOC

PROOF OF SERVICE

## SERVICE LIST

| | |
|---|---|
| Jeffrey A. Atteberry<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Phone: (213) 443-3000<br>Fax: (213) 443-3100<br>jeffreyatteberry@quinnemanuel.com | Counsel for Plaintiff MBIA Insurance Corporation |
| David B. Bayless<br>Tammy Albarrán<br>COVINGTON & BURLING LLP<br>One Front Street<br>San Francisco, CA 94111-5356<br>Phone: (415) 591-6000<br>Fax: (415) 591-6091<br>dbayless@cov.com<br>talbarran@cov.com | Counsel for Defendant Michael W. Perry |
| D. Jean Veta<br>Benjamin J. Razi<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, D.C. 20004<br>Phone: (202) 662-6000<br>Fax: (202) 662-6291<br>jveta@cov.com<br>brazi@cov.com | Counsel for Defendant Michael W. Perry |
| Michael W. Fitzgerald<br>CORBIN, FITZGERALD & ATHEY LLP<br>601 West Fifth Street, Suite 1150<br>Los Angeles, CA 90071-2024<br>Phone: (213) 533-7032<br>Fax: (213) 612-0061<br>mwfitz@corbfitzlaw.com | Counsel for Defendants Jill Jacobson and Kevin Callan |
| Gregory S. Bruch<br>Julie A. Smith<br>Jessica L. Matelis<br>WILLKIE FARR & GALLAGHER LLP<br>1875 K Street, NW<br>Washington, D.C. 20006<br>Phone: (202) 303-1000<br>Fax: (202) 303-2000<br>gbruch@willkie.com<br>jasmith@willkie.com<br>jmatelis@willkie.com | Counsel for Defendant A. Scott Keys |

| | |
|---|---|
| Matthew T. Heartney<br>Arnold & Porter LLP<br>777 South Figueroa Street<br>44th Floor<br>Los Angeles, CA  90017<br>Matthew.Heartney@aporter.com<br>Phone: (213) 243-4150<br>Fax: (213) 243-4199 | Counsel for OneWest Bank, FSB |
| Dean Kitchens<br>J. Christopher Jennings<br>GIBSON DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Phone: (213) 229-7000<br>Fax: (213) 229-7520<br>dkitchens@gibsondunn.com<br>cjennings@gibsondunn.com | Counsel for<br>USB Securities, LLC; Credit Suisse Securities (USA), LLC; J.P. Morgan Securities LLC |